UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL FURTADO**, <br> Plaintiff, <br> v. <br> **UNITED RENTALS INC., ET AL.**, <br> Defendants. | Case No. 14-cv-04258-YGR <br><br> **ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 44 |

Plaintiff Carol Furtado ("Furtado") brings this Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA") case against defendants United Rentals, Inc. ("United"), RSC Equipment Rentals, Inc. ("RSC"), and DOES 1 through 50 (collectively, "defendants"). Plaintiff brings four claims in her First Amended Complaint: (1) retaliation against an employee for opposing practices forbidden under FEHA in violation of Cal. Gov. Code § 12940(h); (2) failure to engage in the interactive process to determine reasonable accommodations in violation of Cal. Gov. Code § 12940(n); (3) failure to provide reasonable accommodation in violation of Cal. Gov. Code § 1294(m); and (4) wrongful termination in violation of the public policies as set forth in Cal. Gov. Code §§ 12920, 12940(a), (f)(1), (h), and 12945.2(l)(1), (t).

Pending before the Court is defendant United's motion to dismiss, or in the alternative, to strike the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).[1]  (Dkt. No. 44 ("Mtn.")) Plaintiff filed a response in opposition to defendant's motion (Dkt.

---

[1] For the reasons discussed in Section IV of this Order, defendant United's requested relief to dismiss co-defendant RSC must be considered under Federal Rule of Civil Procedure 12(b)(5).

No. 45 ("Oppo.")), and defendant filed a reply. (Dkt. No. 46.) Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **DENIES** in part and **GRANTS** in part the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant RSC hired plaintiff on December 13, 2010, as an outside sales representative at its Modesto Branch. (FAC ¶ 12.) Plaintiff first requested and was granted medical leave as a reasonable accommodation for anxiety and depression from July 11 until September 21, 2011. (FAC ¶ 16.)[2] Upon plaintiff's return to work in September, RSC reassigned her to the Martinez Branch, approximately 80 miles from her home. (FAC ¶ 18.) Plaintiff alleges that this reassignment denied plaintiff reinstatement to a comparable position, transforming her leave into an unreasonable accommodation. (FAC ¶ 17.)

Defendant RSC again granted plaintiff medical leave from October 4 through December 27, 2011, as a reasonable accommodation for a uterus condition. (FAC ¶ 19.) Plaintiff's physician thereafter extended her leave until March 1, 2012. (FAC ¶ 21.) Defendant RSC discharged plaintiff from employment on February 13, 2012, while she claims she was still on job-protected leave. (FAC ¶ 27.)

The original complaint in this case alleged violations of the California Fair Employment and Housing Act ("FEHA") based on sexual harassment, wrongful termination, and failure to accommodate based on disability. A case management and pretrial order (Dkt. No. 37) allowed plaintiff to amend her complaint, and plaintiff's FAC was timely filed. (Dkt. No. 40.) The FAC

---

[2] The FAC appears to contain two typographical errors which Exhibit 1 thereto ("DFEH Complaint") clarifies. First, the FAC states that plaintiff's first leave was in 2010. However, plaintiff was not hired until December 2010 and the DFEH Complaint states that this period of leave was in 2011. Next, the FAC states that plaintiff's second leave began in December 2012, but plaintiff was terminated in February 2012. Again, the DFEH Complaint states that this second period of leave was also in 2011. This Order is based on the dates shown in the DFEH Complaint. Plaintiff should correct the errors in her second amended complaint.

2

generally transformed plaintiff's retaliation and wrongful termination claims – the two claims at issue in this motion – from discrimination based on "sex, race, age and/or pregnancy discrimination" into discrimination based on disability. (*Cf.* Dkt. No. 1-2 and FAC.) Specifically, the FAC asserts violations of FEHA and CFRA allegedly in response to plaintiff's objections to defendant RSC's repeated requests for medical documentation while she was on leave and for plaintiff exercising her right to take disability leave. *Id*. Plaintiff states that she repeatedly complained about being harassed for this information, but that defendant did not take any remedial action, ultimately discharging her from employment. (FAC ¶¶ 26-27.)

Plaintiff brings four claims in the FAC: (1) retaliation against an employee for opposing practices forbidden under FEHA in violation of Cal. Gov. Code § 12940(h); (2) failure to engage in the interactive process to determine reasonable accommodations in violation of Cal. Gov. Code § 12940(n); (3) failure to provide reasonable accommodation in violation of Cal. Gov. Code § 1294(m); and (4) wrongful termination in violation of the public policies as set forth in Cal. Gov. Code §§ 12920, 12940(a), (f)(1), (h), and 12945.2(l)(1), (t).

Defendant United has filed a motion to dismiss Claims 1 and 4 arguing that both claims must fail because amendment was improper.[3] (Mtn., Dkt. No. 44.) Additionally, as to the first claim (retaliation), United asserts that plaintiff failed to exhaust her administrative remedies. As to the fourth claim (wrongful termination), defendant identifies two additional reasons for dismissal, namely it is: (i) time-barred under the statute of limitations; and (ii) not authorized under CFRA.

Defendant United moves the Court to strike paragraph 26 of the FAC as well as plaintiff's

---

[3] The Court affirms its prior ruling from the bench on July 7, 2015, that plaintiff understood the scope of the Court's leave to amend, and that the amendments in the FAC were proper. Defendant's arguments that plaintiff's retaliation and wrongful termination claims fail to the extent that amendment was improper are likewise **DENIED**.

requests for injunctive and declaratory relief in paragraphs 3 through 10 of plaintiff's prayer for judgment in the FAC.

Finally, defendant United requests that the Court dismiss with prejudice its predecessor in interest defendant RSC pursuant to FRCP 4(m) for plaintiff's failure to effectuate service in a timely manner.

## II. MOTION TO DISMISS RETALIATION AND WRONGFUL TERMINATION CLAIMS, PRAYERS FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). For purposes of evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleadings. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

### B. Claim One for Retaliation: Exhaustion

The timely filing of an administrative complaint and exhaustion of that remedy with the Department of Fair Employment and Housing ("DFEH") is a prerequisite to maintenance of a civil action for damages under FEHA. Cal. Govt. Code § 12965(b). The ensuing civil action is limited

4

to matters "like or reasonably related to" those raised in the DFEH complaint. *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1616 (1995).

Defendant contends that plaintiff did not exhaust her administrative remedies with respect to her retaliation as pled in the FAC because it is not "like or related to" the matters plaintiff Furtado raised in her administrative complaint.[4] Defendant mainly relies on *Okoli* for the proposition that the exhaustion requirement is not met where the civil action raises a basis for liability that would not have reasonably been examined by the DFEH as part of its investigation. *Okoli*, 36 Cal.App.4th at 1616. Defendant construes the administrative complaint as limited to retaliation by RSC against plaintiff Furtado for taking medical leave. Defendant maintains that this is "completely unrelated to" the retaliation claim in the FAC alleging that RSC retaliated against plaintiff for complaining about improper requests for additional medical documentation. (Mtn. at 44:16-19.)

Plaintiff does not dispute that the appropriate standard to be applied here is set forth in *Okoli*. Plaintiff, however, points to *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 264-269 (2009), for the proposition that the exhaustion requirement can be met outside the administrative complaint through facts provided to the DFEH in other submissions or facts that "might [have been] uncovered by a reasonable DFEH investigation." *Id*. at 268. Plaintiff also emphasizes that "what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation." *Id.* at 268. The Court agrees this is the appropriate measure. Under this lens, the exacting measure suggested by defendants does not persuade.

---

[4] The relevant administrative complaint plaintiff Furtado filed with the DFEH is incorporated by reference in and attached to the FAC as Exhibit 1. It is therefore properly considered on a motion to dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (a court should generally look to only the face of a complaint and documents attached thereto when deciding a Rule 12(b)(6) motion).

However, while plaintiff reasons that the supporting documentation she submitted to DFEH with her pre-complaint questionnaire must be considered to decide properly whether the exhaustion requirement is met, she does not point to any allegation in the FAC itself that shows she presented facts to the DFEH that are "like or reasonably related to" the facts underlying her retaliation claim. Plaintiff instead relies entirely on the supporting documentation attached to a declaration filed with her opposition. The supporting documentation as submitted to DFEH is referenced nowhere in the FAC and so cannot not properly be considered on the motion to dismiss. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir.1995) (review on a motion to dismiss under Rule 12(b)(6) is generally limited to the contents of the complaint).

Accordingly, plaintiff has not satisfied her burden to plead that she exhausted her administrative remedies with respect to the retaliation claim. By plaintiff's own admission in her briefing and through her counsel before this Court on July 7, 2015, any facts she construes as like or related to the retaliation claim are in the supporting documentation and not within the FAC. Defendant's motion to dismiss plaintiff's retaliation claim is **GRANTED WITH LEAVE TO AMEND**.

### C. Claim Four for Wrongful Termination

#### i. Statute of Limitations and Relation Back of the FAC to Plaintiff's Original Complaint

The parties agree that plaintiff's wrongful termination claim asserted by amendment in the FAC is subject to a two-year statute of limitations. Cal. Code Civ. Proc. 335.1. While plaintiff does not dispute that the FAC was filed more than two years following her termination from employment with the defendant, she contends that the claims in the FAC should "relate back" to the date she filed the original complaint. United agrees that the original complaint was filed within the two-year limitations period, and so the statute of limitations will not bar plaintiff's claim if the Court finds that the FAC should "relate back" to the original complaint.

Rule 15 of the Federal Rules of Civil Procedure governs amendment of pleadings in diversity cases and requires that leave be freely and liberally given whenever justice requires. Fed.R.Civ.P. 15; *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). An amendment that would otherwise offend the applicable statute of limitations may be allowed under the "relation-back" doctrine pursuant to FRCP Rule 15. To take advantage of this doctrine, the new (and otherwise untimely) amendment relates back to the date of the original pleading if: (1) applicable state law allows relation back; or (2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. FRCP Rule 15(c)(1)(A), (B).

Thus, relation back is appropriate here if the amendment would relate back under either: (1) the California rule on relation back; or (2) if it arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the" Original Complaint. *See* Fed. R. Civ. P. 15(b)(c)(1)(A). Under California common law, the two-year statute of limitations does "not bar an amended complaint alleging new causes of action if it rests on the same facts as the original complaint and refers to the same accident and same injuries as the original complaint." *Goldman v. Wilsey Foods, Inc.*, 216 Cal.App.3d 1085, 1094 (1989).

Neither United nor plaintiff Furtado addresses which standard should be used here, or whether plaintiff succeeds under one but not the other. United, however, relies on the California rule on relation back in its motion as pronounced in *Goldman*, 216 Cal.App.3d at 1094. Using that approach, the Court starts with the inquiry of whether plaintiff's wrongful termination claim in the FAC is based upon different "facts and injuries" as the allegations in the original complaint. *Id*.

Defendant contends that plaintiff's wrongful termination claim in the original complaint was "based upon an alleged violation of the public policy embodied in the FEHA against retaliation for opposing sex discrimination and harassment." (Mtn. at 13:17-21.) According to United, plaintiff's wrongful termination claim in the FAC is based on violations of CFRA (as

7

opposed to FEHA), and it consequently cannot be based upon the same facts and injuries as the wrongful termination claim found in the original complaint.[5]

United's focus on the similarity (or lack thereof) between the statutory bases of plaintiff's wrongful termination claim in the original complaint and the FAC is misplaced. As *Goldman* makes clear, the relevant inquiry ultimately assesses the factual – not legal – bases of claims in the original and amended complaints. Indeed, an amended complaint will relate back even if it contains completely new causes of action, so long as the FAC "rests on the same facts … and refers to the same accident and injuries as the original complaint." *Goldman*, 216 Cal.App.3d at 1094.

To that end, plaintiff Furtado argues that her amended wrongful termination claim should relate back to the original complaint because of a continuity of factual allegations in paragraphs 6, 7, and 10 in the original complaint on the one hand, and paragraphs 14, 15, and 26 of the FAC on the other. Namely, plaintiff disputes United's contention that the original complaint only alleged that she was wrongfully terminated in retaliation for complaining about sexual harassment and/or sexual discrimination. Instead, plaintiff Furtado argues that paragraphs 6, 7, and 10 in the original complaint contain "further allegations" related to disability incorporated by reference with respect to her alleged wrongful termination.

The relevant paragraphs in the original complaint allege:

> 6. Plaintiff was subjected to adverse employment actions including but not limited to Defendants' unlawful gender discrimination practices; Defendants' unlawful refusal to accommodate disabled workers; and, Defendants [sic] unlawful retaliation against Plaintiff for complaining of these unlawful practices.

---

[5] At the July 7, 2015, hearing before this Court, defendant conceded that it does not object to the timeliness of plaintiff's wrongful termination claim to the extent it relies on FEHA-based policies identical to those set out in the original complaint.

> 7. This action is brought to remedy adverse employment actions and to remedy retaliation against Plaintiff for activities protected under California law.
> * * *
> 10. On numerous occasions Plaintiff FURTADO objected to the verbal and sexual comments made by Defendants' employees, vendors and supervisors. Plaintiff repeatedly complained her superiors [sic], to human resources, and others. She let him know that she did not appreciate the harassment and intimidation antics, and that she was aware of her right to work free of such matters. FURTADO complained to Defendants' Human Resources, including, but not limited to, John Bidese, and no action was taken.

(Dkt. No. 1-2 ¶¶ 6, 7, 10.) Paragraph 7 of the original complaint is repeated verbatim in paragraph 15 of the FAC. (*Cf.* Dkt. No. 1-2 and FAC.) Plaintiff further reasons that Paragraphs 6 and 10 in the Original Complaint are reflected in Paragraphs 14 and 26, respectively, as follows:

> 14. Defendants subjected Plaintiff to adverse employment actions, including but not limited to Defendants' unlawful refusal to accommodate disabled workers, Defendants' unlawful retaliation against Plaintiff for complaining of these unlawful practices, and termination of employment.
> * * *
> 26. Plaintiff repeatedly complained to her superiors, human resources, including John Bidese, and others, about being harassed for, and intimidated into, producing additional medical documentation supporting her need for leave when the doctors' notes she had already provided were legally sufficient, but no effective remedial action was taken, and the unlawful employment practices continued.

In sum, plaintiff argues that her wrongful termination claim as pled in the FAC arises out of the facts in paragraphs 14, 15, and 26 of the FAC. These Paragraphs in the FAC, she claims, are so closely related to the facts in Paragraphs 6, 7, and 10 of the original complaint, that relation back is appropriate.

The Court agrees. A comparison of paragraphs 14, 15, and 26 in the FAC to the more generally pled paragraphs 6, 7, and 10 in the original complaint is persuasive. Plaintiff's wrongful termination claim in the FAC rests upon similar facts pled, including, among others, retaliation for a "disabled" worker. The additional and more specific language in paragraph 26 of the FAC does

not create a new claim that cannot be viewed as relating back.  Moreover, in both the original complaint and the FAC, plaintiff asserts the same wrong ("accident"): that she was wrongfully terminated from her employment.  Plaintiff also pleads nearly identical injuries in both the original complaint and the FAC: loss of earnings, mental anguish and emotional distress, and loss of future earnings.  (*Cf.* Dkt. 1-2 ¶ 80 and FAC ¶ 28.)  California law allows relation back of plaintiff's wrongful termination claim.

Because the Court finds that plaintiff's wrongful termination claim relates back under the California standard and therefore satisfies Rule 15(c)(1)(A), the Court need not separately address whether it meets the criteria set forth in Rule 15(c)(1)(B).

### ii. Plaintiff's Status as an Eligible Employee Under the California Family Rights Act ("CFRA")

To have a common law remedy for wrongful termination based on the public policy embodied in a statute, a claimant must be entitled to coverage under that statute.  *Moreau v. Air France*, 356 F.3d 942 (9th Cir. 2003).  Plaintiff can thus only have a claim for wrongful termination in violation of public policy under CFRA if she also is an eligible employee under CFRA.  At issue here is the requirement that employees must work for an employer for twelve months to be afforded the rights and protections under CFRA.  Cal. Gov't Code § 12945.2(a).  Defendant argues that plaintiff does not meet this requirement and is therefore unable to state her wrongful termination as a matter of law.

Plaintiff alleges the relevant dates of employment and medical leave in the FAC as follows:

- Defendant hired plaintiff on or about December 13, 2010 (FAC at ¶12);
- Defendant granted plaintiff stress leave from July 11 to September 21, 2011 (FAC at ¶ 16);[6]

---

[6] *See* footnote 2, *supra*.

10

- Defendant granted plaintiff leave from October 4 through December 27, 2011 (FAC at ¶ 19);[7]
- Plaintiff's physician extended her medical leave to March 1, 2012 (FAC at ¶ 21);
- Defendant discharged plaintiff on or about February 13, 2012 (FAC at ¶ 27).

The administrative complaint, attached to the FAC as Exhibit 1, contains further relevant allegations:

- "On approximately February 17, 2012, I was informed my employment had been terminated due to the fact I had exhausted my 480 hours of CFRA leave."
- "I have worked for the company more than twelve (12) months …"

(FAC, Ex. 1.)

Using the dates plaintiff provides in the FAC to calculate her employment, defendant concludes that plaintiff worked for less than seven months prior to her initial leave and less than eight months prior to her second leave. Because plaintiff did not work for RSC for twelve months prior to either leave period, defendant argues that plaintiff cannot, as a matter of law, be an eligible employee under CFRA.

Defendant's calculation assumes that plaintiff's time on leave does not count toward the twelve-month requirement. Defendant points to a single case, *Bailey v. Pregis Innovative Packaging, Inc.*, 600 F.3d 748, 749-50 (7th Cir. 2010), for its proposition that plaintiff was not an eligible employee under CFRA. The Seventh Circuit authority is instructive, but not dispositive. Moreover, defendant extends *Bailey* beyond its facts. Contrary to defendant's assertion, the Seventh Circuit addressed the *hours* requirement and not the twelve *months of service* requirement under the FMLA in *Bailey*. *Id.* In that regard, the Seventh Circuit held that the federal hours requirement could not be tolled for the fifty-six days the plaintiff was on leave; it did not hold that

---

[7] *Id.*

11

the plaintiff's fifty-six days on leave would not count toward the twelve-month requirement. *Id.*

Additionally, even if *Bailey* were on point, reliance on a case decided under federal law is inappropriate because California law explicitly allows plaintiff's time on leave to count toward the twelve-month requirement. CFRA's interpretive regulations provide in pertinent part:

> If an employee is not eligible for CFRA leave at the start of a leave because the employee has not met the 12-month length of service requirement, the employee may nonetheless meet this requirement while on leave, because leave to which he/she is otherwise entitled counts toward length of service (although not for the 1,250 hour requirement). The employer should designate the portion of the leave in which the employee has met the 12-month requirement as CFRA leave. For example, if an employee is maintained on the payroll for any part of a week, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer (e.g. workers compensation, group health plan benefits, etc.), the week counts as a week of employment.

Cal. Code Reg. § 11087(e)(5). Based on the above language, plaintiff concludes that the time she was on leave and received short-term disability (first from July 11 to September 20, 2011 and then from October 4 to December 28, 2011) counted toward the twelve-month requirement.

The Court agrees with plaintiff. Defendant has not pointed to any California law that would preclude plaintiff's theory that she was an eligible employee under CFRA as a matter of law. Taking the allegations in the FAC as true, plaintiff Furtado has properly alleged that she was an employee for the requisite twelve months prior to her termination to be considered eligible employee under CFRA. Accordingly, plaintiff's wrongful termination claim in violation of the public policy embodied in CFRA does not fail as a matter of law. For this reason and those set forth above with respect to the statute of limitations, defendant's motion to dismiss plaintiff's wrongful termination claim is **DENIED**.

### D. Plaintiff's Requests for Injunctive and Declaratory Relief

Whether plaintiff has standing to assert claims for injunctive and equitable relief is a threshold matter on the viability of prayers for judgment. *Thinket Ink*, 368 F.3d 1053, 1056 (9th

12

Cir. 2004). "Constitutional standing concerns whether the plaintiff's personal stake in the lawsuit is sufficient to make out a concrete 'case' or 'controversy' to which the federal judicial power may extend under Article III, § 2." *Id.* at 1057 (quoting *Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000)). To have standing to bring a claim for relief, a plaintiff must show that she has (1) suffered an injury that (2) was caused by the defendant and (3) is likely to be redressed by the relief she seeks. *Id.*

Plaintiff makes eight requests for injunctive and equitable relief in the FAC against defendants, including orders requiring the defendants to "cease and desist" from various prohibited employment practices. (FAC, Prayer for Judgment, ¶¶ 3-10). Defendant relies on *Walsh v. Nev. Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) to argue that plaintiff lacks standing to seek any injunctive relief against a former employer. In *Walsh*, the Ninth Circuit held that a former employee with no indication in her complaint that she wanted to return to work with the defendant could not satisfy the requirement that she is "likely to be redressed by the relief she seeks." *Id.* Here, United contends that plaintiff Furtado is neither employed by defendants nor seeking reinstatement of employment with defendants, and so she lacks standing to seek the equitable and injunctive relief in paragraphs 3-10, inclusive, in the FAC.

As with the complaint in *Walsh*, the FAC satisfies the first two standing prongs. Plaintiff Furtado asserts that defendant RSC wrongfully terminated her, but she fails to even suggest that this injury is likely to be redressed by the injunctive and equitable relief sought. In *Walsh*, the Ninth Circuit affirmed the District of Nevada's finding that a complaint did not support standing to request injunctive relief against the plaintiff's former employer. *Walsh*, 471 F.3d at 1037. The pleadings here are indistinguishable. There, as here, the former employee admitted in her complaint that her employment with the defendant ended prior to the date of the complaint. The complaint in *Walsh* and the FAC are likewise void of any indication that the former employee is

13

seeking reinstatement. On these facts as alleged, plaintiff Furtado "would not stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her former place of work." *Id*. Plaintiff therefore "lack[s] standing to sue for injunctive relief from which she would not likely benefit." *Id*.

Plaintiff does not address defendant's argument that she lacks standing to bring these claims for equitable and injunctive relief. Instead, she focuses on defendant's various other arguments, including that plaintiff did not established irreparable harm to seek this relief. Because the Court finds that plaintiff does not have standing to seek injunctive and equitable relief against her former employer, these arguments need not be addressed.

Accordingly, defendant's motion to dismiss plaintiff's claims for injunctive and equitable relief in paragraphs 3-10 of the FAC is **GRANTED** for failure to state a claim **WITH LEAVE TO AMEND**. To the extent plaintiff considers amending, the Court reminds plaintiff's counsel of her obligations under Federal Rule of Civil Procedure 11.

### III. MOTION TO STRIKE

#### A. Legal Standard

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal. 1991). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec Lit*., 114 F Supp.2d 955, 965 (C.D.Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. *Id*.

#### B. Paragraph 26 of the FAC

Defendant summarily requests that the Court strike paragraph 26 in the FAC if the first cause of action for retaliation does not survive. (Mtn. at 2:7-10.) As evidenced by United's own

motion, though, paragraph 26 is also relevant to plaintiff's wrongful termination claim. (*See, e.g.*, Mtn. at 12:2-5). For the reasons discussed in Section IIC, *supra*, plaintiff's wrongful termination claim survives the motion to dismiss. Thus, defendant has not met its burden to show that paragraph 26 "could have no possible bearing on the subject matter of the litigation," as it is related to her claim for wrongful termination. The motion to strike paragraph 26 of the FAC is **DENIED**.

### IV. MOTION TO DISMISS DEFENDANT RSC EQUIPMENT RENTALS, INC.

Lastly, defendant United seeks dismissal of its co-defendant and predecessor in interest RSC on the grounds that plaintiff did not properly serve RSC on two specific grounds: (1) failure to serve in 120 days, and (2) improper substitute service. Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. The court does not have jurisdiction over a defendant who has not been properly served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.") (citations omitted). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). "If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action." *Rudolph v. UT Starcom, Inc.*, 2009 WL 248370, at *1 (N.D.Cal. Feb. 2, 2009) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976)).

While the parties agree that plaintiff properly served defendant United on August 15, 2014,

15

they dispute whether service on United also constituted service on RSC.[8]  Defendant United contends that plaintiff was required to effectuate service on RSC within 120 days of filing the original complaint or from removal of this case to this Court. Fed. R. Civ. P. 4(m).  United implores this Court to exercise its discretion under Rule 4(m) to dismiss RSC with prejudice upon a finding that plaintiff's failure to serve defendant RSC shows that she has been "derelict" in effecting service.  In support of its proposed finding that plaintiff should have separately served RSC, United points to California law that recognizes the existence of merged corporations for purposes of defending lawsuits following merger.  In *Penasquitos, Inc. v. Superior Court*, 53 Cal.3d 1180, 1183 (1991), the California Supreme Court notes that a dissolved corporation "continues to exist for purposes of winding up its affairs and, in particular, for … defending lawsuits."  Defendant United additionally cites to the California Corporations Code Sec. 2011, which provides that a dissolved corporation "may" be served in the manner and procedure prescribed therein.

Plaintiff counters that service of summons on United constituted service on both United and RSC because of United's admission that it is RSC's successor-in-interest.  Since briefing closed on defendant United's motion, but before oral argument was heard, plaintiff filed executed summons showing service on defendant RSC.  (Dkt. Nos. 51, 52.)

The Ninth Circuit has held that the provisions of Rule 4 should be given a liberal and flexible construction.  *See United Food & Commercial Workers Union Local 197 v. Alpha Beta Food Co.*, 736 F.2d 1371 (9th Cir.1984).  "District courts have broad discretion to extend time for

---

[8] The Court recognizes that plaintiff did not always make this assertion.  In the parties' joint December 8, 2014 CMC Statement, plaintiff represented to the Court that she "has not served Defendant RSC Equipment Rentals, Inc.," and that she will "either serve Defendant RSC Equipment, Inc. or dismiss it from the case with prejudice no later than January 2, 2015." (Dkt. No. 17 at 2:12-14.)  Plaintiff's new counsel changed positions in her CMC statement filed with the Court on March 23, 2015, arguing that service of summons on defendant United constituted service on its predecessor in interest defendant RSC.

16

service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007). Two standards can apply: one dictates mandatory extension on the Court, and the other allows permissive extension of the time to effect service. First, Rule 4(m) "requires" a district court to grant an extension of time when the plaintiff shows good cause for the delay. *Efaw*, 473 F.3d at 1040 (emphasis in original). The plaintiff bears the burden to establish that good cause exists to excuse a delay in service of process. *Efaw*, 473 F.3d at 1040.

Alternatively, in the absence of good cause, the rule "permits" the district court to grant an extension at its discretion. *Id.* (emphasis in original); *Henderson v. United States*, 517 U.S. 654, 663 (1996) (district courts have "discretion to enlarge the 120–day period 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)). A court may retroactively grant such an extension after the 120–day period has expired. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). To decide whether to grant an extension of time to effectuate service under Rule 4(m), a district court should consider the statute of limitations, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.* at 1041 (citation omitted).

Because plaintiff does not attempt to make a "good cause" showing regarding her delay in service on RSC, it is up to this Court's sound discretion to determine whether to excuse the delay in service. Three of the four discretionary factors announced in *Mann* weigh in favor of deciding to enlarge the period for plaintiff to effectuate service retroactively. First, the magnitude of the delay in service is in the order of a few months, and the Court is mindful that plaintiff required new counsel. This stands in contrast to *Efaw*, where the district court abused its discretion to allow service on the defendant given seven years had passed after the case was filed. Second, the defendant will suffer no prejudice: pleadings are not yet settled and RSC has been aware of this lawsuit since it was filed in state court less than a year ago. Finally, eventual service is no longer a possibility, but a reality. Defendant's representation to the Court that service on RSC is "too

17

little, too late," is not persuasive given the circumstances.

The motion to dismiss defendant RSC for failure to effectuate service is therefore **DENIED**.

## V. DEFENDANT'S EVIDENTIARY OBJECTIONS

The Court next addresses defendant United's objections to the declarations of Joan Harrington and Carol Furtado (Dkt. Nos. 47, 48), which plaintiff filed in support of her opposition to defendant's motion. Defendant's objections were not filed in compliance with the Local Rules of this District. Pursuant to Local Rule 7-3(c), any evidentiary objections to an opposition must be contained within the reply brief. Defendant filed its objections as separate documents outside of its reply brief. (Dkt. Nos. 47, 48) On that basis, the objections are **DENIED**. However, the Court notes that the declarations were not relevant to the Court's analysis, and the Court did not rely thereon.

## VI. CONCLUSION

For the reasons stated above, defendant United's motion to dismiss, or in the alternative to strike, is **GRANTED** in part and **DENIED** in part as follows:

(1) The motion to dismiss plaintiff's retaliation claim is **GRANTED WITH LEAVE TO AMEND**.

(2) The motion to dismiss plaintiff's wrongful termination claim is **DENIED**.

(3) The motion to dismiss the claims for injunctive and declaratory relief is **GRANTED WITH LEAVE TO AMEND**.

(4) The motion to strike paragraph 26 of the FAC is **DENIED**.

(5) The motion to dismiss defendant RSC Equipment Rentals, Inc. is **DENIED**.

A second amended complaint shall be filed within fourteen days from the date of this Order.

This order terminates Docket Number 44.

**IT IS SO ORDERED.**

Dated: July 20, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**