United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

**CAROL FURTADO**,

Plaintiff,

vs.

**UNITED RENTALS, INC.**, *et al.*,

Defendants.

Case No.: 14-cv-04258 YGR

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 74, 81

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Carol Furtado brings this Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA") action against her former employer, defendant RSC Equipment Rentals, Inc. ("RSC") and its successor in interest United Rentals, Inc. ("United") (collectively, "defendants").   Plaintiff brings four claims in her Second Amended Complaint: (1) retaliation in violation of FEHA, Cal. Gov. Code § 12940(h); (2) failure to engage in the interactive process in violation of FEHA, Cal. Gov. Code § 12940(n); (3) failure to provide reasonable accommodation in violation of FEHA, Cal. Gov. Code § 12040(m); and (4) wrongful termination in violation of the public policies set forth in FEHA and CFRA, Cal. Gov. Code §§ 12920, 12940(a), (f)(1), (h), and 12945.2(l)(1), (t).

Pending before the Court are the parties' cross motions for summary judgment.  Plaintiff moves for summary judgment on her Second through Fourth causes of action, as well as adjudication of United's liability for the actions of RSC as its successor in interest.  (Dkt. No. 74, "Pl. Mtn.") Defendants oppose plaintiff's motion on the substantive claims and filed a cross motion for summary

United States District Court
Northern District of California

1  judgment on the grounds that plaintiff has no evidence to create triable issues of fact with respect to

2  all four causes of action.  (Dkt. No. 81, "Def. Mtn.")

3       Having carefully considered the papers submitted, the admissible evidence,[1] the pleadings in

4  this action, oral argument held on November 17, 2015, and for the reasons set forth below, the Court

5  **GRANTS IN PART** and **DENIES IN PART** the parties' cross motions for summary judgment.

6       **I.      SUMMARY OF FACTS**

7       The following facts are undisputed unless otherwise specified.  RSC hired plaintiff on

8  December 13, 2010 to work as an Outside Sales Representative ("OSR") in its Modesto, California

9  branch.  (*See* Plaintiff's Statement of Undisputed Facts, Dkt. No. 74-1, and Defendants' Responses

10  thereto, Dkt. No. 81-1 at SUF[2] 1.)  Plaintiff took a leave of absence from July 11, 2011 through

11  September 21, 2011 for medical reasons.  (SUF 43, 60.)  Upon her return from leave, RSC

12  transferred plaintiff to work as an OSR in its Martinez, California branch.  (Dkt. No. 81-8 ¶ 19.)

13       On October 4, 2011, Dr. Susan Ways[3] signed a note that excused plaintiff from work for

14  "medical problems" through October 22, 2011.  (SUF 2.)  Dr. Ways thereafter signed multiple notes

15  extending plaintiff's medical leave as follows:

16  • October 11, 2011 – plaintiff would "continue disability through November 4, 2011."

17  • October 25, 2011 – plaintiff was "medically excused" through November 10, 2011.

18  • November 9, 2011 – plaintiff was "released to return to work/school as of January 4, 2012."

19  • December 14, 2011 – plaintiff was "medical excused" through January 30, 2012.

20  • January 25, 2012 – plaintiff was "medically excused" through February 29, 2012.

21

22       [1] The parties made a number of evidentiary objections to exclude evidence submitted by the
23  opposing side.  (*See* Dkt. Nos. 81-83.)  In making the instant decision, the Court did not consider or
   rely on any of the evidence to which the parties objected.  The evidentiary objections are therefore
24  **DENIED AS MOOT**.

25       [2] All references to Statement of Undisputed Facts, or "SUF," refer to the fact number stated
26  in the statements of undisputed facts as well as the supporting evidence cited therein for that fact, and
   to the extent relevant, the opposing party's responses thereto.  (*See* Dkt. Nos. 74-1, 81-1, 82-1.)

27
       [3] The parties refer to any persons at the Ways Medical Group authorized to sign excuse notes
28  and health provider certifications as "Dr. Ways."  In the interest of clarity, the Court adopts this
   approach.

1    (*Id*.)  Plaintiff provided these notes from Dr. Ways to RSC supervisors, other RSC managers, and/or

2    employees of Matrix Absence Management, Inc. ("Matrix") – RSC's leave administrator.  (SUF 3.)

3    RSC and Matrix repeatedly represented to plaintiff that Dr. Ways' notes were insufficient to support

4    her requests for leave as a reasonable accommodation to her alleged disability.  (SUF 12, 13.)  On

5    November 10, 2011, plaintiff sent an email to her supervisor and RSC managers, complaining about

6    an "inappropriate" and "misinformed" letter she received from Sumer Fisher, an HR Generalist for

7    RSC.  (*See* SUF 27.)  Plaintiff's email stated that she is "afforded some rights by [DFEH]" and

8    reiterated that she believed she had already "provided sufficient doctor's notes" to support her

9    request for leave.  (*See id*.)  Despite Matrix and RSC's ongoing representations that plaintiff's

10   medical documentation was deficient, RSC approved plaintiff's requests for leave through February

11   12, 2012.[4]  (SUF 18.)

12        Plaintiff made her final request for leave to RSC and Matrix by and through her transmission

13   of the January 25, 2012 note from Dr. Ways extending her leave through February 29, 2012.  (SUF

14   47.)  Plaintiff faxed and emailed her current medical records to Matrix, which Matrix used to

15   evaluate her request for leave.  (SUF 10.)  Upon review thereof, Matrix advised Alissa Burroughs,

16   Senior Disability & Retirement Analyst for RSC, that the "updated medical records [did] not support

17   restrictions beyond 12/27/11."  (SUF 28.)  Ms. Burroughs sent the information to RSC's HR Director

18   John Bidese on February 7, and on February 9, 2012, Mr. Bidese sent plaintiff a letter advising her

19   that Matrix had "not received medical documentation from [her] doctor extending [her] leave beyond

20   December 28, 2011."  (SUF 16, 28.)  The letter also advised plaintiff that she was "expected to return

21   to work on Monday, February 13, 2012," and that failure to do so would "result in termination of

22   [her] employment."  (SUF 16, 31.)  Mr. Bidese called plaintiff on February 9, 2012, to report the

23   contents of his letter.  (SUF 32.)  Following these communications with Mr. Bidese, plaintiff did not

24   further contact RSC or Matrix regarding her request for leave.[5]  Plaintiff did not return to work on

25

26        [4] This fact is disputed insofar as plaintiff maintains that RSC denied her leave between
     December 28, 2011 and February 12, 2012, because that period of leave was described as
27   "unapproved."  (*See* SUF 18.)

28        [5] On February 9, 2012, plaintiff emailed three of her RSC supervisors to inquire about
     transferring within RSC to a location near San Luis Obispo.  (Dkt. No. 74-7, "Furtado Decl.," Exhs.

1    February 13, 2012.  (SUF 19, 35, 37.)  RSC immediately terminated plaintiff's employment for her

2    failure to return that day.  (*Id.*)

3        On February 29, 2012, plaintiff submitted a pre-complaint questionnaire to the Department of

4    Fair Employment and Housing ("DFEH") with supporting documentation related to her employment

5    grievances with RSC.  (Dkt. No. 58-1.)  Then, on March 28, 2012, plaintiff finalized and signed a

6    DFEH complaint.  (SUF 23.)  This action timely followed.

7        **II.    LEGAL STANDARD ON SUMMARY JUDGMENT**

8        A party seeking summary judgment bears the initial burden of informing the court of the

9    basis for its motion, and of identifying those portions of the pleadings and discovery responses that

10   demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

11   323 (1986).  Material facts are those that might affect the outcome of the case.  *Anderson v. Liberty*

12   *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is

13   sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

14   Where the moving party will have the burden of proof at trial, it must affirmatively

15   demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v.*

16   *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will

17   bear the burden of proof at trial, the moving party can prevail merely by identifying the absence of

18   evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 324-25; *Soremekun*, 509 F.3d

19   at 984.  If the moving party meets its initial burden, the opposing party must then set out specific

20   facts showing a genuine issue for trial in order to defeat the motion.  *Anderson*, 477 U.S. at 250;

21   *Soremekun*, 509 F.3d at 984; *see* Fed.R.Civ.P. 56(c), (e).  The opposing party's evidence must be

22   more than "merely colorable" and must be "significantly probative."  *Anderson*, 477 U.S. at 249-50.

23   Further, the opposing party may not rest upon mere allegations or denials of the adverse party's

24   evidence, but instead must produce admissible evidence showing a genuine dispute of material fact

25   exists.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir.

26   2000).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

27   *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

28   17, 18.)  On February 12, 2012, Bob McKnight – manager of the RSC Martinez branch – responded
     and told plaintiff that the "best place to check" for job openings would be the internet.  (*Id.*, Exh. 19.)

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Nevertheless, when deciding a summary judgment motion, a court must view the evidence in

2    the light most favorable to the nonmoving party and draw all justifiable inferences in its favor.

3    *Anderson*, 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).  A

4    district court may only base a ruling on a motion for summary judgment upon facts that would be

5    admissible in evidence at trial.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010);

6    Fed.R.Civ.P. 56(c).  It is not a court's task "to scour the record in search of a genuine issue of triable

7    fact" but is entitled to "rely on the nonmoving party to identify with reasonable particularity the

8    evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)

9    (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)); *see also Carmen v. San*

10   *Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not

11   examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set

12   forth in the opposing papers with adequate references so that it could conveniently be found").

13          **III.    DISCUSSION**

14              **A.  Retaliation Claim (First Cause of Action)**

15   Defendants present two main arguments in support of their motion for summary judgment on

16   plaintiff's retaliation claim, namely that: (1) plaintiff failed to exhaust her administrative remedies on

17   this claim, and (2) plaintiff's retaliation claim otherwise fails under the rubric for analyzing

18   retaliation claims as announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  The

19   Court addresses each in turn.

20              **1.  Exhaustion of Administrative Remedies**

21   As a threshold issue, defendants argue that plaintiff's retaliation claim must fail because she

22   failed to exhaust her administrative remedies with DFEH.[6]  The timely filing of an administrative

23   complaint and exhaustion of that remedy with DFEH is a prerequisite to maintenance of a civil

24   action for damages under FEHA.  Cal Govt. Code § 12965(b).  The ensuing civil action is limited to

25

26          [6] Plaintiff argues that defendants' motion on this basis is an improper motion for
     reconsideration of the Court's order on defendants' motion to dismiss. (Dkt. No. 57.)  Plaintiff
27   misunderstands that order.  The Court was unable to reach the ultimate issue of whether plaintiff
     exhausted her administrative remedies because plaintiff failed to attach relevant documents to her
28   operative complaint.  The Court therefore dismissed plaintiff's retaliation claim with leave to amend
     by incorporating those documents into her Second Amended Complaint.

1    matters "like or reasonably related to" those raised in the DFEH complaint.  *Okoli v. Lockheed*

2    *Technical Operations Co.*, 36 Cal.App.4th 1607, 1616 (1995).

3            Here, defendants do not dispute that plaintiff timely filed an administrative complaint with

4    DFEH and obtained a right-to-sue notice.  Defendants instead take issue with whether this claim –

5    that RSC terminated her in retaliation for complaining about the multitude of requests for medical

6    documentation – was exhausted in that process.  It is undisputed that plaintiff's DFEH complaint did

7    not separately enumerate this retaliation claim.  Thus, "[t]he question is whether [plaintiff] can

8    maintain the instant action for [retaliation] which [was] not specifically enumerated in [her]

9    complaint before the DFEH."  *Baker v. Children's Hospital Medical Center*, 209 Cal.App.3d 1057,

10   1062 (1989).  The exhaustion requirement can be met outside the administrative complaint through

11   facts provided to the DFEH in other submissions or facts that "might [have been] uncovered by a

12   reasonable DFEH investigation."  *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 268 (2009).

13   In that respect, plaintiff argues that the pre-complaint questionnaire and accompanying documents

14   she submitted to DFEH evidenced this retaliation claim.  The Court agrees.

15           Defendants principally rely on *Wills v. Superior Court* for the proposition that plaintiff's

16   belief that RSC retaliated against her for complaining about the requests for medical documentation

17   "constitutes a distinct and separate allegation" from retaliation for taking medical leave "and

18   therefore does not show [plaintiff] exhausted her administrative remedies."  195 Cal.App.4th 143,

19   157 (2011).  In *Wills*, the court first noted that the plaintiff "failed to point to *any evidence* showing

20   that this [retaliation] claim came to light in the administrative process."  *Id*. (emphasis supplied).

21   Said otherwise, the *Wills* plaintiff failed to proffer a shred of evidence to defeat summary judgment

22   on these grounds.  Not so here.  Plaintiff points to a November 10, 2011 email she wrote to her

23   coworkers complaining about RSC's medical documentation requests, which was submitted to

24   DFEH with her pre-complaint questionnaire.  *See Nazir*, 178 Cal.App.4th at 268.  Viewing this

25   evidence "liberally in favor of plaintiff," and construing it "in light of what might be uncovered by a

26   reasonable investigation," as the Court must, the Court finds that plaintiff exhausted her

27   administrative remedies with respect to this claim.  *Id*.  It is reasonable that an investigation into the

28   grievances submitted with plaintiff's pre-complaint questionnaire would lead to an investigation of

United States District Court
Northern District of California

1  "subsequent [retaliatory] acts undertaken by [RSC] in retaliation" for her complaints about medical

2  documentation requests. *Id*. Defendants' motion on this ground is **DENIED**.

3              **2.  *McDonnell Douglas* Burden-Shifting Analysis**

4                   **a.  Legal Framework**

5         Under the *McDonnell Douglas* framework, the burden of production first falls on the plaintiff

6  to make out a *prima facie* case of retaliation. *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir.

7  2007) ("California Courts apply the Title VII Framework to claims brought under FEHA") (citing

8  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000)); *Clark v. Claremont University Center*, 6

9  Cal.App.4th 639, 662-63 (1992) (the *McDonnell Douglas* test is applicable in claims brought under

10  FEHA). She may do so by showing that: (1) she has engaged in a protected activity, (2) her

11  employer subjected her to an adverse employment action, and (3) a causal link existed between the

12  protected activity and the employer's action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042

13  (2005). If the plaintiff establishes a *prima facie* case of retaliation, the burden of production shifts to

14  the employer, who must present evidence sufficient to permit the factfinder to conclude that the

15  employer had a legitimate, nonretaliatory reason for the adverse employment action. *Id*. (citing

16  *Morgan v. Regents of California*, 88 Cal.App.4th 52, 68 (2000)). If the employer does so, the

17  "presumption of retaliation 'drops out of the picture,' and the burden shifts back to the employee to

18  prove intentional retaliation." *Id.* (quoting *Morgan*, 88 Cal.App.4th at 68). At that point, it is the

19  plaintiff's burden "to prove, by competent evidence, that the employer's proffered justification is

20  mere pretext; *i.e.*, that the presumptively valid reason for the employer's action was in fact a

21  coverup." *McRae v. Department of Corrections and Rehabilitation*, 142 Cal.App.4th 377, 388

22  (2006) (citing *Yanowitz*, 36 Cal.4th at 1042).

23                   **b.  Analysis**

24         Defendants move for summary judgment on the substance of plaintiff's retaliation claim,

25  arguing that plaintiff's claim fails on the first and third factors of the *prima facie* case because

26  plaintiff:  (i) did not engage in protected activity (factor one), and (ii) cannot establish a causal

27  connection between any protected activity and her termination (factor three). Defendants further

28  move on the basis that they are entitled to summary judgment under the *McDonnell Douglas* burden-

United States District Court
Northern District of California

1    shifting analysis because plaintiff (iii) has produced no evidence that its legitimate reason for

2    termination is in fact pretext for an unlawful retaliatory reason.

3         As set forth in *McDonnell Douglas*, the Court first analyzes plaintiff's *prima facie* case for

4    her retaliation claim.  The Court then addresses defendants' argument with respect to its purported

5    legitimate reason for termination.

6                    **i.    Factor One: Protected Activity**

7         Protected activity is not limited to formal accusations of discrimination.  *Yanowitz*, 36 Cal.4th

8    at 1043-44.  "The relevant question is…whether the employee's communications to the employer

9    sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an

10   unlawful discriminatory manner."  *Id*. at 1047 (quoting *Garcia-Paz v. Swift Textiles, Inc.*, 873

11   F.Supp. 547, 560 (D.Kan. 1995)).  The ultimate legality or illegality of the employer's conduct is

12   irrelevant to the analysis.  *George v. California Unemployment Ins. Appeals Bd.*, 179 Cal.App.4th

13   1475, 1490 (2009).  Indeed, "[i]t has long been the law that whether an employee's formal or

14   informal complaint is well founded is *immaterial* to a FEHA retaliation claim."  *Id*. (emphasis in

15   original).

16        The parties agree there is only one possible occasion of protected activity at issue: the

17   November 10, 2011 email.  Defendants argue that the email constitutes nothing more than a request

18   for a reasonable accommodation and participation in the interactive process, and therefore cannot be

19   a protected activity under FEHA.  In support thereof, defendants cite a line of cases that stand for the

20   proposition that "a mere request – or even repeated requests – for an accommodation, without more"

21   cannot constitute a protected activity under FEHA because a request for a reasonable

22   accommodation does not "demonstrate some degree of opposition to or protest of the employer's

23   [unlawful] conduct or practices…."  *Rope v. Auto-Chlor Sys. of Washington, Inc.*, 220 Cal.App.4th

24   635, 652-53 (2013), *rev. den'd* (Jan. 29, 2014); *Nealy v. City of Santa Monica*, 234 Cal.App.4th 359,

25   381 (2015) (citing *Rope*).[7]

26        _____

27        [7] The Court notes that AB No. 987, signed on July 16, 2015 by Governor Brown, modified
     FEHA such that requests for reasonable accommodation will constitute protected activity.  The
28   parties dispute whether this amendment is retroactive and therefore applicable to plaintiff's claims.
     However, the Court need not reach this issue because the Court finds that plaintiff's protected
     activity was not a "mere request" for an accommodation.

United States District Court
Northern District of California

1    The Court finds that plaintiff's email is not a "mere request" for accommodation. To the

2    contrary, plaintiff's email was a complaint that RSC and Matrix repeatedly requested additional

3    medical documentation. Defendants claimed as much to support their failed exhaustion argument,

4    *supra*. Plaintiff's email also evidences her belief that these requests were unlawful because they

5    violated her rights under FEHA. In fact, plaintiff stated she is "afforded some rights by [DFEH]."

6    The November 10, 2011 email, at a minimum, raises a triable issue that RSC "knew that [plaintiff's]

7    opposition was based upon a reasonable belief that [RSC] was engaging in [FEHA violations]."

8    *Yanowitz*, 36 Cal.4th at 1046. Moreover, whether defendants were actually violating FEHA and its

9    implementing regulations by demanding additional medical documentation is irrelevant for purposes

10   of this factor. *George*, 179 Cal.App.4th at 1490. Plaintiff has presented sufficient evidence that her

11   November 10, 2011 email constituted a protected activity to overcome defendants' motion.

12                           **ii.   Factor Three: Causal Connection**

13   This factor requires a causal connection between plaintiff's email on the one hand, and

14   plaintiff's termination on the other. In support of its motion, defendants argue there can be no causal

15   connection between plaintiff's email and her termination because the former was sent to RSC

16   employees and the latter decision that leave was no longer warranted was made by Matrix. The

17   Court disagrees. Although Matrix advised RSC that it believed plaintiff's leave was no longer

18   medically necessary, it is RSC that exploited this determination to terminate plaintiff. More

19   importantly, the email (*i.e.* the protected activity) was directed to her employer RSC. Plaintiff has

20   therefore satisfied the essential requirement that, to support a causal link, she must proffer "evidence

21   that the employer was aware that the plaintiff had engaged in the protected activity." *Morgan*, 88

22   Cal.App.4th at 70 (quoting *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)).

23   Plaintiff relies on the temporal proximity of her email to her termination as evidence of

24   causation. Causation "may be established by an inference derived from circumstantial evidence,

25   'such as the employer's knowledge that the [employee] engaged in protected activities and the

26   proximity in time between the protected action and allegedly retaliatory employment decision.'"

27   *Morgan*, 88 Cal.App.4th at 69 (quoting *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988)). The

28   record supports plaintiff's proximity argument. Plaintiff was fired just three months following her

United States District Court
Northern District of California

9

1    email complaining of unlawful activity to RSC managers and supervisors and after a series of

2    repeated interrelated actions.  *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)

3    (proximity sufficient circumstantial evidence of causation where adverse employment action

4    occurred approximately three months after employee engaged in protected activity).  This evidence

5    of proximity defeats defendants' motion.

6                          **iii.  Non-Retaliatory Reason for Termination**

7            Defendants may rebut plaintiff's *prima facie* case for retaliation by articulating a legitimate,

8    non-retaliatory motive for her termination.  The employer "need not persuade the court that it was

9    actually motivated by the proffered reasons."  *Clark*, 6 Cal.App.4th at 663-64 (quoting *Texas Dep't*

10   *of Community Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981)).  Rather, an employer's ostensibly

11   valid reason only "must be legally sufficient to justify a judgment for the [employer]."  *Id*.  The

12   employer's burden to articulate a legitimate reason "is significantly less than proving the absence of

13   discriminatory motive."  *Id*. (quoting *Lynn v. Regents of the University of California*, 656 F.2d 1337,

14   1344 (9th Cir. 1981) (footnote omitted)).

15           Defendants contend that RSC's decision to terminate plaintiff for failing to show up for work

16   on one day is valid as a matter of law.  The Court is not convinced.  Defendants provide no authority

17   for this specific proposition.  In fact, the only summary judgment case defendants cite is inapposite.

18   In *Wills*, the employer presented evidence that the plaintiff verbally threatened coworkers in the

19   workplace.  *Wills*, 195 Cal.App.4th at 168-71.  The court held that, as a matter of law, "misconduct

20   involving threats or violence against coworkers is properly considered a legitimate,

21   nondiscriminatory reason for terminating the employee," shifting the burden back to the employee.

22   *Id*.  at 168.  Failing to appear at work one day following a series of interactions regarding the validity

23   of her medical leave is hardly equivalent to threats of violence in the workplace.  This is especially

24   true considering the history of RSC's previous threats of termination throughout plaintiff's medical

25   leave – none of which were executed.  Viewing the evidence in a light most favorable to plaintiff as

26   the nonmoving party, defendants' evidence is not sufficient to determine that a reasonable factfinder

27   would conclude that RSC's proffered reason was legitimate and not motivated by retaliatory intent.

28

United States District Court
Northern District of California

10

1    *Yanowitz*, 36 Cal.4th at 1042.  Despite the low standard of production at this stage, defendants have

2    not met their burden here.

3                                                          ***

4        Based on the evidence presented, the Court finds that triable issues exist on plaintiff's

5    retaliation claim.  Accordingly, defendants' motion for summary judgment with respect to plaintiff's

6    First Cause of Action for retaliation is **DENIED**.

7              **B.   Failure to Engage in Interactive Process (Second Cause of Action)**

8        The parties filed cross motions for summary judgment on plaintiff's Second Cause of Action.

9    To prevail on a claim under FEHA for failure to engage in the interactive process, a plaintiff must

10   establish by a preponderance of the evidence that: (1) she had a known disability that limited her

11   ability to work, (2) she requested a reasonable accommodation for her disability that would enable

12   her to perform her essential job requirements on her return to work, (3) she was willing to participate

13   in an interactive process to determine whether reasonable accommodation could be made, (4) her

14   employer failed to participate in a timely, good faith interactive process with her to determine

15   whether reasonable accommodation could be made, (5) she was harmed, and (6) her employer's

16   failure to engage in a timely, good faith interactive process was a substantial factor in causing her

17   harm.  Cal. Gov. Code § 12940(n).

18       Plaintiff attempts to base this claim on RSC's failure to engage in a good faith interactive

19   process with respect to her requests for leave for the entire period between October 2011 and

20   February 29, 2012.  However, "[t]o prevail on a claim for failure to engage in the interactive process,

21   the employee must identify a reasonable accommodation that would have been available at the time

22   the interactive process occurred."  *Nealy*, 234 Cal.App.4th at 379 (citing *Scotch v. Art Institute of*

23   *California*, 173 Cal.App.4th 986, 1018 (2009)).  RSC indisputably provided a reasonable

24   accommodation to plaintiff, *i.e.* medical leave, through February 12, 2012, and plaintiff has not

25   identified an alternative accommodation that would have been available at those times.  Moreover,

26   plaintiff does not present any evidence of harm resulting from RSC's alleged failure to participate in

27   an interactive process prior to her termination.  Thus, the only actionable request for accommodation

28

United States District Court
Northern District of California

11

1    under Cal. Gov. Code section 12940(n) is RSC's denial of plaintiff's request for leave between

2    February 13th and February 29th, 2012, when RSC instead terminated plaintiff.

3           With respect to this sixteen-day period, defendants argue that plaintiff's claim fails because

4    she displayed an unwillingness to engage in the interactive process (factor three).[8]  The case law

5    makes clear that "it is the responsibility of both sides to keep communications open and neither side

6    has a right to obstruct the process." *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 266 (2000).  A

7    plaintiff cannot "legitimately refuse to talk to [RSC] personnel" and have a claim under Cal. Gov.

8    Code section 12940(n).  *Id*.  In *Jensen,* the appellate court found there was a triable issue of fact as to

9    whether plaintiff "was responsible for the breakdown in the informal, interactive process" because

10   the plaintiff presented evidence that she did not back out of the interactive process.  *Id*.  Plaintiff

11   presents no such evidence here.

12          In support of their motion, defendants proffer the undisputed evidence that plaintiff received

13   Mr. Bidese's letter denying her reasonable accommodation and threatening to discharge her.  (SUF

14   33.)  Plaintiff testified that she did not further engage in the interactive process following the

15   February 9, 2012 letter because she thought that perhaps RSC would allow her another opportunity,

16   as it had done previously.  (Dkt. No. 81-3 at 229.)  While plaintiff responded to previous

17   communications from RSC threatening her termination by providing additional medical

18   documentation, she did not to do so in this instance.  This offering meets defendants' burden to show

19   an absence of evidence in support of plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-

20   25 (1986).

21          Accordingly, there is no dispute of fact regarding plaintiff's willingness to engage in the

22   interactive process to accommodate her alleged disability past February 13, 2012.  Defendants'

23   motion on this claim is **GRANTED**.

24   ///

25   ///

26   ///

27

28          [8] Defendants additionally argue that plaintiff's claim fails on other elements of her *prima facie* case.  Because the Court finds it appropriate to grant defendants' motion on factor three, the Court need not address defendants' other arguments.

United States District Court
Northern District of California

12

United States District Court

Northern District of California

**C.  Failure to Provide Reasonable Accommodation (Third Cause of Action)**

Plaintiff bases this claim on RSC's alleged failure to accommodate her known disability on February 13, 2012 when RSC terminated plaintiff rather than extending her leave.[9]  To prevail on her *prima facie* case for failure to accommodate, plaintiff must establish that: (1) she suffered from a disability covered by FEHA, (2) RSC knew she suffered from a disability covered by FEHA, (3) she was otherwise qualified to do her job, and (4) RSC failed to provide a reasonable accommodation for her disability.  *Jensen*, 85 Cal.App.4th at 256.  The parties filed cross motions for summary judgment on plaintiff's Third Cause of Action.  Plaintiff's motion argues that the undisputed evidence establishes all elements[10] of her *prima facie* case.  Defendants oppose plaintiff's motion and cross move, arguing that the evidence does not support the first and second factors, *i.e.* that plaintiff was disabled and that RSC knew of her disability.  The Court addresses the *prima facie* factors in turn.

**1.  Factor One: Disability Covered by FEHA**

A disability for FEHA purposes should be broadly construed to mean, among other things, a disorder or condition that limits a major life activity.  2 Cal. Code. Reg. § 11065(d)(2).  A disorder or condition "limits" a major life activity (including working) "if it makes the achievement of the major life activity difficult."  *Id*. at §§ 11065(l)(1), (l)(3).  The relevant inquiry for purposes of a claim for failure to accommodate is whether the plaintiff was disabled at the time that the employer denied the reasonable accommodation request.  *Kimbro v. Atlantic Richfield Co*., 889 F.2d 869, 878 (9th Cir. 1989); *Alejandro v. ST Micro Electronics, Inc*., -- F.Supp.3d --, 2015 WL 5262102, at *6 (N.D.Cal. Sept. 9, 2015) (quoting *Kimbro*).

Here, plaintiff has presented evidence that she was disabled within the meaning of FEHA on January 25, 2012, when she first requested that her absence be extended through February 29, 2012.

---

[9] The SAC also alleged that RSC failed to accommodate plaintiff's known disability when it transferred plaintiff to the Martinez branch following her stress leave in September 2011.  At the November 17, 2015 hearing on this matter, counsel for plaintiff conceded that plaintiff is no longer pursuing her failure to accommodate claim based on the transfer.

[10] As discussed in Section III(C)(3), *infra*, plaintiff's papers fail to address the third factor, or that plaintiff was otherwise qualified to perform her job.  This alone warrants denial of her motion on the Third Cause of Action.

United States District Court
Northern District of California

1   Dr. Ways, who was treating plaintiff for uterus-related conditions, issued notes medically excusing

2   plaintiff from working until March 1, 2012.  (SUF 2, 75.)  Moreover, plaintiff submitted a

3   declaration from Dr. Ways averring that "at [plaintiff's] January 25, 2012 appointment with me, I

4   was still concerned about her diabetes…."[11]  (Dkt. No. 74-13 ¶ 8.)[12]  In opposition to plaintiff's

5   motion, and in support of their own motion, defendants contend that all admissible evidence

6   demonstrates that plaintiff did not suffer from a disability between January 25th and February 29th,

7   2012.  Specifically, defendants contend that plaintiff's medical records do not support her contention

8   that any conditions rendered plaintiff disabled.

9          Plaintiff's evidence that her medical conditions limited her ability to work does not rise to the

10   level of necessitating judgment in her favor.  It is, however, enough to overcome defendants' motion.

11   The standard to show a triable issue as to disability on summary judgment is not exacting.  For

12   example, in *Faust v. California Portland Cement Co.*, the court reversed a trial court order granting

13   defendant's motion for summary judgment, finding that a triable issue existed on plaintiff's FEHA

14   disability discrimination claim where the only referenced evidence of a disability was a physician's

15   work status report advising that plaintiff was "unable to perform regular job duties…."  150

16   Cal.App.4th 864, 887 (2007).  Thus, plaintiff's doctor's excuse notes, in combination with Dr. Ways'

17   deposition testimony and supporting declaration, are sufficient to raise a triable issue.

18                          **2.   Factor Two: Employer's Knowledge of Disability**

19          An employer only knows an employee has a disability under FEHA when it actually

20   "becomes aware of the condition," either because the employee told the employer, a third party told

21   the employer, or because the employer observed the disability.  *Faust*, 150 Cal.App.4th at 887.

22   Defendants argue that plaintiff has no evidence that RSC became aware of her alleged disability for

23   two fundamental reasons.  First, defendants claim that Matrix was the entity to which plaintiff was

24

25   [11] Defendants argue that plaintiff cannot base her disability on diabetes or diabetes-related
     impairments because the operative complaint only references her uterus condition.  Even a cursory
26   review shows otherwise.  Indeed, the operative complaint references that her disability is "surgery,
     infection, and diabetes."  (Dkt. No. 58. ¶ 10.)

27

28   [12] The Court notes that defendants object to the admissibility of other portions of paragraph 8
     in Dr. Ways' declaration as hearsay.  To the extent that defendants construe their objection as to
     paragraph 8 in its entirety, the Court finds that the quoted statement is not hearsay.

14

United States District Court
Northern District of California

1   sending her doctor's excuse notes, and the entity that ultimately determined that plaintiff was not

2   disabled.  In other words, defendants argue RSC had no independent knowledge that plaintiff was

3   disabled.  The Court disagrees.  Plaintiff sent the January 25, 2012 note to Mr. Bidese on January 26,

4   2012 advising him of the same.  (Furtado Decl. ¶ 15, Exh. 14.)  Moreover, defendants provide no

5   authority for the proposition that an employer can contract out its accommodation decisions and

6   thereby escape liability for its ultimate decision not to accommodate.

7          Second, defendants argue that the evidence shows the notes from Dr. Ways excusing plaintiff

8   from work are not sufficient to put RSC or Matrix on notice because they contain only "[v]ague or

9   conclusory statements revealing an unspecified incapacity [that] are not sufficient to put an employer

10  on notice of its obligations under [FEHA]."  *Brundage v. Hahn*, 57 Cal.App.4th 228, 237 (1997); *see*

11  *Avila v. Continental Airlines, Inc*., 165 Cal.App.4th 1237, 1249 (2008) (form notifying employer that

12  plaintiff was unable to work for four days due to three-day hospitalization insufficient to show

13  employer had knowledge of disability); *King v. Permanente Med. Group, Inc*., 2013 WL 5305907, at

14  *8 (E.D.Cal. Sept. 19, 2013) (doctor's note stating plaintiff was unable to work for eight days

15  insufficient to show that defendant know of plaintiff's alleged disability).

16         By contrast, plaintiff argues as a matter of law that the evidence requires a finding in her

17  favor on this element.  First, plaintiff claims that FEHA's interpretive regulations (enacted post-

18  *Avila*) specifically provide that "[d]isclosure of the nature of the disability is not required" although,

19  in some instances, "to advance the interactive process, reasonable medical documentation may

20  include a description of physical or mental limitations…."  2 Cal. Code Reg. § 11069(d)(1).  Unlike

21  the fact patterns in *Avila* and *King*, here plaintiff had been on medical leave for months preceding

22  January and February 2012.  Thus, Dr. Ways' note could not have led RSC to believe that plaintiff

23  "might have [needed medical leave] for reasons other than a disability" as the court found in *Avila*.

24  165 Cal.App.4th at 1249.  Due to this history, RSC could not have misconstrued Dr. Ways' note to

25  mean that plaintiff "might have had elective surgery, or [plaintiff] might have sought preventative

26  treatment for some other condition was not disabling."  *Id*.  Moreover, plaintiff points to her

27  disclosures of the nature of her medical issues and disability to her RSC supervisors.  For example,

28  plaintiff emailed Charlie Bouda at RSC on more than one occasion to inform him of surgery and

15

1    update him on the status of her infection and resulting complications. (*See* Furtado Decl. ¶¶ 3-4,

2    Exhs. 2-3.); *Cf. Brundage*, 57 Cal.App.4th at 237 (plaintiff's requests for leave for medical

3    appointments insufficient to put employer on notice of mental disability).

4         The Court finds that the record does not support summary judgment for either party.  Plaintiff

5    has presented sufficient evidence to distinguish this case from *Avila*, *King*, and *Brundage*.  *See*

6    *Faust*, 150 Cal.App.4th at 887 (finding fact issue on plaintiff's FEHA disability discrimination claim

7    with respect to employer's knowledge where a physician's work status report advised employer that

8    plaintiff was "unable to perform regular job duties…").  However, plaintiff's evidence is not so

9    persuasive as to rise to the level requiring judgment in her favor.

10                     **3.  Factor Three: Qualified Individual**

11        The parties fail to address whether plaintiff was otherwise qualified to do her job.

12   Accordingly, neither party is entitled to summary judgment on this factor.

13                     **4.  Factor Four: Failure to Accommodate**

14        Finally, plaintiff must establish that RSC failed to accommodate her disability by terminating

15   her in lieu of granting her request to extend medical leave past February 12, 2012.  Plaintiff contends

16   that a leave of absence from February 13th through February 29th, 2012 would have been a

17   reasonable accommodation insofar as it would have allowed her to recover sufficiently to perform

18   her essential job duties upon a return to work on March 1, 2012.  Defendants, on the other hand,

19   contend that RSC was not required to provide accommodation beginning February 13, 2012 because

20   plaintiff was not a qualified individual, *i.e.* plaintiff was not disabled.  Therefore, adjudication of this

21   factor inevitably relies on a determination of whether plaintiff was disabled.  Because the Court finds

22   a dispute of fact as to whether plaintiff was disabled within the meaning of FEHA at the relevant

23   time, it is premature to determine whether accommodation was required by law.  Accordingly,

24   neither party is entitled to judgment on this factor.

25                                          ***

26        Based on the evidence presented, the Court finds triable issues of material fact with respect to

27   plaintiff's claim for failure to accommodate.  The parties cross motions for summary judgment with

28   respect to plaintiff's Third Cause of Action are **DENIED**.

United States District Court
Northern District of California

United States District Court
Northern District of California

**D.  Wrongful Termination in Violation of Public Policy (Fourth Cause of Action)**

Plaintiff's Fourth Cause of Action for wrongful termination is based, in part, on her contention that RSC retaliated against her for opposing employment practices prohibited by FEHA, *i.e.* her First Cause of Action for retaliation.  *See Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1354 (1996) (affirming district court's grant of summary judgment on wrongful termination in violation of public policy because plaintiff's underlying ADA claim failed).  Because the Court finds, *supra*, there are triable issues with respect to plaintiff's First Cause of Action for retaliation, the parties' cross motions on the Fourth Cause of Action are similarly **DENIED**.

**E.  Liability of Defendant United**

Plaintiff seeks to establish that defendant United is liable for any judgment entered against defendant RSC.  While defendants maintain that United has no direct liability for the actions of RSC, they concede that United is obligated to satisfy a judgment against RSC.  The Court agrees that the law requires United, as RSC's successor in interest, to satisfy its judgments.  Plaintiff's motion on this basis is **GRANTED**.

**IV.    CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment on the liability of defendant United for any judgment against RSC is **GRANTED**, and defendants' cross motion on the Second Cause of Action is **GRANTED**.  The cross motions are otherwise **DENIED**.

This Order terminates Docket Numbers 74, 81.

**IT IS SO ORDERED.**

Dated: November 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

17